Brendan A. Melander, SBN 034777
HUSCH BLACKWELL LLP
2415 E. Camelback Road, Suite 500
Phoenix, AZ 85016
Telephone: 480-824-7890
brendan.melander@huschblackwell.com

*Attorney for Plaintiff*
*Beehive Stud Rockers, LLC*

HUSCH BLACKWELL LLP
2415 E. CAMELBACK ROAD, SUITE 500
PHOENIX, AZ 85016
(480) 824-7890

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Beehive Stud Rockers, LLC, | No. _____ |
| *Plaintiff,* | **COMPLAINT** |
| v. | (Demand for Jury Trial) |
| Knoebel Construction, Inc., | |
| *Defendant.* | |

Plaintiff Beehive Stud Rockers, LLC ("BHS"), by and through counsel, hereby files this Complaint against Defendant Knoebel Construction, Inc. ("Knoebel"), and in support thereof states as follows:

**PARTIES**

1.      BHS is a limited liability company organized and existing under the laws of Utah. All members of BHS reside in Salt Lake County, Utah. Specifically, its members include: Riley QOF, LLC, a Utah limited liability company; Georgia Winkler, a Salt Lake County, Utah resident; HW (minor), a Salt Lake County, Utah resident; and JW (minor), a Salt Lake County, Utah resident.

HB: 4892-9161-8123.1

HUSCH BLACKWELL LLP
2415 E. CAMELBACK ROAD, SUITE 500
PHOENIX, AZ 85016
(480) 824-7890

2.      Knoebel is a for-profit corporation organized and existing under the laws of Arizona. Upon information and belief, Knoebel has its principal place of business in Chesterfield, Missouri.

## JURISDICTION AND VENUE

3.      Jurisdiction is proper in the District of Arizona pursuant to 28 U.S.C. § 1332 because the amount in controversy ($79,857.94) exceeds the jurisdictional requirements.

4.      Jurisdiction is further proper in the District of Arizona pursuant to 28 U.S.C. § 1332 because complete diversity exists – for diversity purposes, BHS is a citizen of Utah and Knoebel is a citizen of Arizona and Missouri.

5.      Venue is proper in the District of Arizona pursuant to 28 U.S.C. § 1391 because the construction contract and work at issue took place in Scottsdale, Arizona. Venue is further proper because the events surrounding this dispute took place in Arizona.

## FACTUAL ALLEGATIONS

### General Background

6.      BHS is committed to providing unparalleled service in metal studding, drywall, and acoustical ceiling installation.

7.      Knoebel is a general commercial contractor and holds a B-1 Contractor license with the Arizona Registrar of Contractors (ROC #322373).

8.      On or about December 28, 2021, BHS and Knoebel entered into a subcontract whereby BHS would perform certain subcontracting work under Knoebel's prime contract to construct Altar'd State, located at 15169 N. Scottsdale Road, Scottsdale, Arizona 85254 (the "Subcontract"). A true and correct copy of the Subcontract is attached to this Complaint as **Exhibit A**.

9.    Specifically, pursuant to the Subcontract, BHS was responsible for the following:

> BHS TO SUPPLY ALL FRAMING MATERIALS, SHEETROCK, FIRE RATED BLOCKING, FIRE RATED PLYWOOD SHEETING, WALL INSULATION, SETTING OF HM DOORS, FRAMES, ASSOCIATED HARDWARE AND DRYWALL FINISHING PER PLANS. BHS AGREES TO ADHERE TO SCHEDULE SET FORTH BY PM AND ANY ADJUSTMENTS BY SITE SUPERINTENDENT BY SUPPLYING SUFFICIENT LABOR AND EQUIPMENT TO COMPLETE THE CONTRACTED SCOPE FOR THE PROJECT KNOWN AS ALTARD STATE - SCOTTSDALE. INCLUDED IN THIS CONTRACT PRICE WILL BE THE REMOVAL OF THE BARRICADE AT THE END OF THE PROJECT.

(**Exhibit A.**)

10.    The Subcontract's original lump sum price was $319,901.48. (**Exhibit A.**)

11.    Pursuant the Subcontract, BHS submitted monthly invoices for all work performed. (**Exhibit A, Article 7.**)

12.    The Subcontract also permitted Changes Orders, which are "written instrument[s] prepared by the Contractor stating their agreement upon the change in the Subcontract Work." (**Exhibit A, Article 8.**)

13.    The parties could agree to written Change Orders, "which detailed the changes involved and the value of such which shall be mutually agreed upon between" the parties. (**Exhibit A, Article 8.**)

14.    After Knoebel provided written acceptance of Change Orders, the changes were "deemed a part of the Subcontract Work and shall be performed and furnished in strict accordance with all terms and conditions of the Subcontract." (**Exhibit A, Article 8.**)

15.    Change Orders modified the scope of work and lump sum price of the Subcontract. (**Exhibit A, Article 8.**)

HUSCH BLACKWELL LLP
2415 E. CAMELBACK ROAD, SUITE 500
PHOENIX, AZ 85016
(480) 824-7890

HUSCH BLACKWELL LLP
2415 E. CAMELBACK ROAD, SUITE 500
PHOENIX, AZ 85016
(480) 824-7890

BHS Completed All Work Pursuant to the Subcontract

16.     BHS promptly began work pursuant to the Subcontract.

17.     On or about January 24, 2022, BHS submitted an $84,153.84 invoice to Knoebel for the period ending on January 31, 2022. A true and correct copy of the January 24, 2022 Invoice is attached as **Exhibit B**.

18.     Knoebel made an $84,153.84 payment for the period ending on January 31, 2022.

19.     On or about February 24, 2022, BHS submitted a $79,667.21 invoice to Knoebel for the period ending on February 28, 2022. A true and correct copy of the February 24, 2022 Invoice is attached as **Exhibit C**.

20.     Knoebel made a $79,667.21 payment for the period ending on February 28, 2022. At that time, Knoebel had paid a total of $163,821.05 pursuant to the Subcontract.

21.     On or about March 17, 2022, Knoebel provided written acceptance of two Change Orders, modifying the Subcontract's scope of work and increasing the lump sum price from $319,901.48 to $370,389.48 (increase of $50,488.00). A true and correct copy of the March 17, 2022 Change Orders are attached as **Exhibit D**.

22.     On or about March 25, 2022, BHS submitted a $148,414.93 invoice to Knoebel for the period ending on March 31, 2022. The March 25, 2022 Invoice detailed the $50,488.00 in Change Orders, which increased the Subcontract lump sum price from $319,901.48 to $370,389.48. A true and correct copy of the March 25, 2022 Invoice is attached as **Exhibit E**.

23.     Knoebel made a $148,414.93 payment for the period ending on March 31, 2022. At that time, Knoebel had paid a total of $312,235.98 pursuant to the Subcontract.

HB: 4892-9161-8123.1

HUSCH BLACKWELL LLP
2415 E. CAMELBACK ROAD, SUITE 500
PHOENIX, AZ 85016
(480) 824-7890

24.     On or about April 25, 2022, BHS submitted a $21,114.56 invoice to Knoebel for the period ending on April 30, 2022. A true and correct copy of the April 30, 2022 Invoice is attached as **Exhibit F**.

25.     Knoebel made a $21,114.56 payment for the period ending on April 30, 2022. Knoebel paid a total of $333,350.54 pursuant to the Subcontract.

<u>Knoebel Failed to Make Payments to BHS for the Remaining Work Performed</u>

26.     Knoebel never made another payment to BHS, despite BHS completing all work and obligations pursuant to the Subcontract.

27.     On or about May 13, 2022, Knoebel provided written acceptance of three Change Orders, modifying the Subcontract's scope of work and increasing the lump sum price from $370,389.48 to $398,890.48 (increase of $28,501.00). A true and correct copy of the May 13, 2022 Change Orders are attached as **Exhibit G**.

28.     On or about May 24, 2022, BHS submitted a $25,650.90 invoice to Knoebel for the period ending on May 31, 2022. The May 24, 2022 Invoice detailed $28,501.00 in additional Change Orders, which increased the total Subcontract lump sum price from $370,398.48 to $398,890.48. A true and correct copy of the May 24, 2022 Invoice is attached as **Exhibit H**.

29.     Knoebel did not make the $25,650.90 payment outlined in the May 24, 2022 Invoice, as required by the Subcontract.

30.     On or about May 26, 2022, Knoebel provided written acceptance of an additional Change Order, modifying the Subcontract's scope of work and increasing the lump sum price from $398,890.48 to $413,208.48 (increase of $14,318.00). A true and correct copy of the May 26, 2022 Change Order is attached as **Exhibit I**.

HB: 4892-9161-8123.1

31.    In June 2022, BHS submitted a $12,866.20 invoice to Knoebel for the period ending on June 30, 2022. The June 2022 Invoice detailed the $14,318.00 Change Order, which increased the total Subcontract lump sum price from $398,890.48 to $413,208.48. A true and correct copy of the June 2022 Invoice is attached as **Exhibit J**.

32.    BHS completed all work as obligated by the Subcontract.

33.    Knoebel did not make the $12,866.20 payment outlined in the June 2022 Invoice, as required by the Subcontract.

34.    Knoebel was also obligated to make a payment to BHS for $41,320.84 in retainage, which was to be paid upon completion of the prime contract between Knoebel and Altar'd State. (*See* **Exhibits A-J.**)

35.    Upon information and belief, the prime contract has been completed. Altar'd State is open and operating.

36.    Upon information and belief, Altar'd State paid Knoebel pursuant to the prime contract.

## COUNT I – BREACH OF CONTRACT

37.    BHS incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

38.    The Subcontract is a valid and enforceable construction contract. *See* A.R.S. § 32-1181.

39.    The March 17, 2022 Change Orders are valid and enforceable because Knoebel provided written acceptance pursuant to the terms and conditions outlined within the Subcontract. (*See* **Exhibit D.**)

HUSCH BLACKWELL LLP
2415 E. CAMELBACK ROAD, SUITE 500
PHOENIX, AZ 85016
(480) 824-7890

HB: 4892-9161-8123.1

40.     The May 13, 2022 Change Orders are valid and enforceable because Knoebel provided written acceptance pursuant to the terms and conditions outlined within the Subcontract. (*See* **Exhibit G.**)

41.     The May 26, 2022 Change Order is valid and enforceable because Knoebel provided written acceptance pursuant to the terms and conditions outlined within the Subcontract. (*See* **Exhibit I.**)

42.     BHS performed its duties and obligations under the Subcontract by completing the scope of work outlined.

43.     BHS sent monthly invoices to Knoebel outlining all work performed and the amount due by Knoebel.

44.     Knoebel did not make final payments to BHS within a reasonable period of time after BHS satisfactorily performed.

45.     Knoebel did not pay BHS under the Subcontract within seven days of its own receipt of payment from Altar'd State. *See* A.R.S. § 32-1183(B).

46.     If Knoebel did not receive payment from Altar'd State, Knoebel did not provide notice to BHS within seven days. *See* A.R.S. § 32-1183(F)

47.     Knoebel did not provide notice, within fourteen days, to BHS for its reasons for withholding payment under the Subcontract. *See* A.R.S. § 32-1183(E)

48.     In total, Knoebel failed to make $79,857.94 in payments owed to BHS pursuant to the Subcontract.

49.     Knoebel breached the Subcontract with BHS by failing to perform, including by failing to make payments to BHS within a reasonable period of time after BHS satisfactorily performed.

HUSCH BLACKWELL LLP
2415 E. CAMELBACK ROAD, SUITE 500
PHOENIX, AZ 85016
(480) 824-7890

HB: 4892-9161-8123.1

50.    As a result of Knoebel's breach of the Subcontract, BHS has been harmed in an amount to be determined at trial, in the amount of at least $79,857.94.

51.    As a result of Knoebel's breach of the Subcontract, BHS is entitled to reasonable costs and attorneys' fees. *See* A.R.S. § 32-1183(J); A.R.S. § 12.341.01.

52.    As a result of Knoebel's breach of the Subcontract, BHS is entitled to interest, at a rate of one and one-half percent per month. *See* A.R.S. § 32-1183(H).

## **DEMAND FOR JURY TRIAL**

BHS requests a trial by jury on all issues so triable.

## **PRAYER FOR RELIEF**

WHEREFORE, BHS prays the Court:

i.    Award BHS damages for Knoebel's breach of Subcontract, in the amount of at least $79,857.94;

ii.    Award BHS any other monetary damages in an amount according to proof at trial;

iii.    Award BHS its interest in an amount according to proof at trial, at a rate of at least one and one-half percent per month;

iv.    Award BHS its attorneys' fees and costs incurred in investigating this matter and litigating this lawsuit pursuant to A.R.S. § 32-1183(J) and § 12.341.01; and

v.    Award BHS any other relief that this Court deems just and proper.

HUSCH BLACKWELL LLP
2415 E. CAMELBACK ROAD, SUITE 500
PHOENIX, AZ 85016
(480) 824-7890

HB: 4892-9161-8123.1

RESPECTFULLY SUBMITTED on February 6, 2023.

By: /s/ *Brendan A. Melander*
Counsel of Record
Brendan A. Melander, SBN 034777
2415 E. Camelback Road, Suite 500
Phoenix, AZ  85016
Telephone: 480-824-7890

*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing was served upon all parties of record via the Court's electronic filing system on this 6th day of February, 2023.

/s/ *Brendan A. Melander*
*Attorney for Plaintiff*

HB: 4892-9161-8123.1

HUSCH BLACKWELL LLP
2415 E. CAMELBACK ROAD, SUITE 500
PHOENIX, AZ 85016
(480) 824-7890