**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Beehive Stud Rockers LLC, | No. CV-23-00243-PHX-JAT |
| Plaintiff/Counterdefendant, | **ORDER** |
| v. | |
| Knoebel Construction Incorporated, | |
| Defendant/Counterclaimant. | |

Pending before the Court are Beehive's motion to dismiss or, in the alternative, stay Knoebel's counterclaims (Doc. 17) and Knoebel's motion to stay all proceedings in this case (Doc. 19). The parties requested oral argument, which the Court set for November 2, 2023. The parties have now indicated that they can be available for oral argument only between December 1, 2023 and December 19, 2023. (Doc. 30). The Court will not delay the resolution of these motions until the parties are available. Further, while the Court attempted to accommodate the parties' request for oral argument, oral argument would not have aided the Court's decisional process. *See e.g., Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998); *Lake at Las Vegas Investors Group, Inc. v. Pacific. Dev. Malibu Corp.*, 933 F.2d 724, 729 (9th Cir. 1991). Thus, oral argument is vacated, and the Court now rules on the motions.

### I. Procedural Background

Beehive has filed two separate suits against Knoebel in two separate forums. On November 30, 2022, Beehive filed claims against Knoebel in Utah state court ("Utah

Action"). (*See* Doc. 17-1). Beehive's claims in the Utah Action arise out of a subcontract between Beehive and Knoebel entered on February 3, 2022 ("Utah Contract"). (*See id.* at 2). Under the Utah Contract, Beehive was to perform construction services for Knoebel in Riverton, Utah. (*See id.*). On January 27, 2023, Knoebel filed counterclaims against Beehive in the Utah Action that arise out of the Utah Contract. (*See* Doc. 17-2).

On February 6, 2023, Beehive filed claims against Knoebel in this Court ("Arizona Action").[1] (*See* Doc. 1). Beehive's claims in the Arizona Action arise out of a subcontract between Beehive and Knoebel entered on December 28, 2021 ("Arizona Contract"). (*See id.*). Under the Arizona Contract, Beehive was to perform construction services for Knoebel in Scottsdale, Arizona. (*See id.*). On April 28, 2023, Knoebel filed counterclaims against Beehive in the Arizona Action. (*See* Doc. 15). The counterclaims Knoebel filed in the Arizona Action are almost identical to the counterclaims filed in the Utah Action and arise out of the Utah Contract. (*See id.*, Doc. 17-2). Knoebel contends that the counterclaims arising out of the Utah Contract are relevant to the Arizona Action because "[i]f proven, the Utah debt would reduce or eliminate [Beehive's] claims in this case or would exceed [Beehive's] claims in this case and entitle Knoebel to judgment here." (Doc. 19 at 4).

On May 18, 2023, Beehive filed a motion to dismiss or, in the alternative, stay Knoebel's counterclaims in the Arizona Action. (Doc. 17). On May 27, 2023, Knoebel filed a motion to stay all proceedings in the Arizona Action. (Doc. 20).

## II. Motion to Dismiss

Beehive filed a motion to dismiss Knoebel's counterclaims under Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. § 1406(a). (*See* Doc. 17). Beehive contends the counterclaims should be dismissed for improper venue "because the Counterclaims are governed by a forum selection clause." (*Id.* at 4). Beehive is the plaintiff in this case and cannot object to the venue of a counterclaim, however. *See General Elec. Co. v. Marvel Rare Metals Co.*, 287 U.S. 430, 435 (1932) ("[O]ne who sues in federal court…submits

---

[1] Beehive amended its complaint on March 13, 2023 to clarify why this Court has jurisdiction.

himself to the jurisdiction of the court with respect to all issues of the case, including those pertaining to a counterclaim…."). For this reason alone, the motion to dismiss for improper venue is denied.

### III. Motions to Abstain from Exercising Jurisdiction

Both Beehive and Knoebel have filed motions to stay either a portion or the entirety of this case under the *Colorado River* doctrine. (*See* Doc. 17, Doc. 20). "Abstention from exercise of federal jurisdiction is the exception, not the rule." *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 813 (1976). The doctrine is "justified…only in the exceptional circumstances…." *Id.* "When a state court and federal court are engaged in 'the contemporaneous exercise of concurrent jurisdiction,' considerations of 'wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation' may result in a federal court staying litigation." *McKee v. Peoria Unified Sch. Dist.*, 963 F. Supp. 2d 911, 919 (D. Ariz. 2013) (quoting *Colorado River* 424 U.S. at 817). "To decide whether a particular case presents the exceptional circumstances that warrant a *Colorado River* stay or dismissal, the district court must carefully consider 'both the obligation to exercise jurisdiction and the combination of factors counseling against that exercise.'" *R.R. St. & Co. Inc. v. Transp. Ins. Co.*, 656 F.3d 966, 978 (9th Cir. 2011) (quoting *Colorado River* 424 U.S. at 818). The Ninth Circuit has identified eight factors to assess the appropriateness of a *Colorado River* stay or dismissal:

> (1) which court first assumed jurisdiction over any property at stake; (2) the inconvenience of the federal forum; (3) the desire to avoid piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether federal law or state law provides the rule of decision on the merits; (6) whether the state court proceedings can adequately protect the rights of the federal litigants; (7) the desire to avoid forum shopping; and (8) whether the state court proceedings will resolve all issues before the federal court.

*R.R. St. & Co.*, 656 F.3d at 978–79 (internal citation omitted). These factors are not a "mechanical checklist." *Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*, 460 U.S.

1, 16 (1983). "In some cases, a single factor may decide whether a stay is permissible." *United States v. State Water Resources Control Board*, 988 F.3d 1194, 1203 (9th Cir. 2021).

### A. Beehive's Motion to Dismiss or Stay Knoebel's Counterclaims

Beehive contends the Court should dismiss or, in the alternative, stay Knoebel's counterclaims. (*See* Doc. 17 at 6, 8). Beehive is requesting the Court only abstain from exercising jurisdiction over the counterclaims, not the entire case. Therefore, Beehive is requesting a partial stay. *See State Water*, 988 F.3d at 1201(finding a partial stay exists where "[t]he federal district court would still have to adjudicate the non-stayed claims"). "Both the Supreme Court and our court suggested that partial stays are inappropriate." *State Water*, 988 F.3d at 1204. "A partial stay does not further the basic purpose of the *Colorado River* doctrine." *Id.* at 1206. As the Ninth Circuit has previously held that partial stays under the *Colorado River* doctrine are inappropriate, Beehive's motion is denied.

### B. Knoebel's Motion to Stay the Entire Case

Knoebel is requesting that the Court abstain from exercising jurisdiction over the entire case under the *Colorado River* doctrine. (*See* Doc. 20 at 6). The eighth factor of the *Colorado River* doctrine, whether a state court proceeding will resolve all issues before the federal court, should be taken as a "preliminary matter." *State Water*, 988 F.3d at 1203. Beehive's claims in this case differ from the Beehive's claims filed in the Utah Action. Knoebel admits that "[o]nce the Utah Court reached a judgment" this Court will need to resolve "a few remaining questions in this case." (Doc. 20 at 9). "A stay is inappropriate when there is a good chance that the federal court would have to decide the case eventually because the state proceeding will not resolve *all of the issues* in the federal case." *R.R. St.*, 656 F.3d at 983 (emphasis added); *see also State Water*, 988 F.3d at 1204 ("We have repeatedly emphasized that a *Colorado River* stay is inappropriate when the state court proceeding will not resolve the *entire case* before the federal court.") (emphasis added).

Here, the parallel state proceeding will not resolve all the issues in this case. Thus, this case does not satisfy the eighth factor of the Colorado River doctrine as a preliminary

matter. "Since we find that there exists a substantial doubt as to whether the state court proceedings will resolve all of the disputed issues in this case, it is unnecessary for us to weight the other factors included in the *Colorado River* doctrine." *See Intel Corp. v. Advanced Micro Devices, Inc.*, 12 F.3d 908, 913 n.7 (9th Cir. 1993). Consequently, Knoebel's motion to stay the entire case under the *Colorado River* doctrine is denied.

## IV. Conclusion

Accordingly,

**IT IS ORDERED** vacating oral argument on November 2, 2023; the stipulation to move oral argument (Doc. 30) is denied as moot.

**IT IS FURTHER ORDERED** that the motion to dismiss or in the alternative stay the counterclaim (Doc. 17) is denied.

**IT IS FURTHER ORDERED** that the motion to stay the entire case (Doc. 19) is denied.

**IT IS FINALLY ORDERD** that all deadlines in the scheduling order are confirmed.

Dated this 19th day of October, 2023.

James A. Teilborg
Senior United States District Judge