**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Beehive Stud Rockers LLC, | No. CV-23-00243-PHX-JAT |
| Plaintiff/Counterdefendant, | **ORDER** |
| v. | |
| Knoebel Construction Incorporated, | |
| Defendant/Counterclaimant. | |

On May 13, 2024, the Court issued the following Order:

> Pending before the Court is Plaintiff/Counterdefendant's counsel's motion to withdraw. (Doc. 34). Such withdrawal would leave the Limited Liability Company "pro se". However, corporations and other unincorporated associations must appear in court through an attorney. *D-Beam Ltd. P'ship v. Roller Derby Skates, Inc.,* 366 F.3d 972, 973-74 (9th Cir. 2004). The reason that these entities cannot be represented by a *pro-se* litigant is because a non-attorney's privilege to appear on his own behalf is a privilege that is personal to himself. *Pope Equity Trust v. Stradley,* 818 F.2d 696, 697 (9th Cir. 1987). A *pro-se* litigant has no authority to appear on behalf of, or represent, others. *Id.*
> The Court will not allow counsel to withdraw, but leave this case open on the docket with an unrepresented entity. Therefore, Plaintiff/counterdefendant must obtain substitute counsel, or the complaint and answer to the counterclaim will be stricken. Upon striking the complaint, the case will be dismissed as to all of Plaintiff's claims. Upon the striking of the answer, counterclaimant can move for default on the counterclaim.
> Therefore,
> **IT IS ORDERED** that the motion to withdraw (Doc. 34) is denied for failing to comply with Local Rule Civil 83.3 (it neither contains the consent of the client, nor was it served on the client). If the motion to withdraw is refiled, Plaintiff/counterdefendant has 30 days from the filing of the motion to obtain substitute counsel. If no substitute counsel is obtained, the complaint and answer to the counterclaim will be stricken.

(Doc. 35)

On May 24, 2024, counsel for Plaintiff/Counterdefendant Beehive Stud Rockers LLC ("Beehive") again moved to withdraw. (Doc. 36). The motion contains the consent of someone purporting[1] to be the manager/owner of Beehive. The motion represents that Beehive has been advised that if it does not obtain counsel within 30 days of the May 24, 2024 filing, the complaint will be dismissed, the answer to the counterclaim will be stricken, and the counterclaimant will be allowed to seek default because a limited liability company cannot appear pro se in federal court.

More than 30 days have elapsed since the renewed motion to withdraw was filed, and no new counsel has appeared on behalf of Beehive. To clarify the record, the Court notes that although a motion to dismiss the counterclaim was previously denied (Doc. 32), Beehive never answered the counterclaim. Thus, there is no answer to strike. Accordingly,

**IT IS ORDERED** that the motion to withdraw (Doc. 36) is granted. Brendan A. Melander and the law firm Husch Blackwell LLP are deemed to be withdrawn as counsel of record for Beehive.

**IT IS FURTHER ORDERED** that the amended complaint (Doc. 12) is stricken and dismissed, without prejudice, because Beehive cannot appear without counsel. The Clerk of the Court shall not enter judgment at this time.

**IT IS FURTHER ORDERED** that Knoebel Construction Incorporated must, within 30 days of the date of this Order, either voluntarily dismiss the counterclaim or move for entry of default pursuant to Federal Rule of Civil Procedure 55(a).

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

---

[1] The Court uses "purporting" because counsel also represents that Beehive has dissolved; the Court is unclear how a defunct limited liability company can have a representative with authority to consent.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall send a copy of this Order to Beehive at the address listed in Doc. 36 at page 2. No further Orders of the Court will be sent to Beehive unless it obtains counsel who files a notice of appearance.

Dated this 9th day of July, 2024.

James A. Teilborg
Senior United States District Judge